**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**BRENDA ANN LOGAN**                                                                 **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:16-CV-52-RP**

**CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY**                                  **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Brenda Logan has applied for judicial review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's decision denying her application for supplemental security income (SSI) under Title XVI of the Social Security Act. Docket 1. Plaintiff filed an application for benefits on December 12, 2013, alleging disability beginning on that date.[1] Docket 7, p. 256-264.

The agency administratively denied Plaintiff's claim initially on January 23, 2014, and on reconsideration on February 6, 2014. *Id*. at 177-82, 183-88, 204-06, 211. Plaintiff then requested an administrative hearing, which administrative law judge (ALJ) H.J. Barkley III held on June 25, 2015. *Id*. at 146-72; 214-16. The ALJ issued an unfavorable decision on July 23, 2015. *Id*. at 133-41. The Appeals Council denied her request for review on January 15, 2016. *Id*. at 1-4. Plaintiff timely filed this appeal from the July 23, 2015 decision, the undersigned held a hearing on November 3, 2016, and it is now ripe for review.

Because both parties have consented to a magistrate judge conducting all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment. Docket 10.

---

[1] Plaintiff previously applied for benefits on August 3, 2011, and was denied on December 2, 2011. Docket 7, pp. 174-75, 178, 190-93.

## I. FACTS

Plaintiff was born February 9, 1963, and was 52 years old at the time of the ALJ hearing. Docket 7, p. 151, 256. She is considered to be approaching advanced age for the purpose of determining disability benefits. Plaintiff has a seventh grade education and past relevant work as a sewing machine operator and short-order cook. *Id*. at 151-52, 300-07. Plaintiff contends that she became disabled before her application for disability as a result of "bad knees, arthritis, ulcers, [and] back pains." *Id*. at 295. At the ALJ hearing, Plaintiff testified that she experiences significant pain in her legs, feet, lower back, hips, knees, neck, and shoulders, in addition to high blood pressure, headaches, weakness in her wrist, and shortness of breath. *Id*. at 153-59, 161.

The ALJ established that Plaintiff had not engaged in substantial gainful activity since December 12, 2013. *Id*. at 183. Next, the ALJ found that Plaintiff experienced the medically determinable impairments diabetes mellitus, hypertension, and obesity. *Id*. at 138. However, the ALJ concluded that Plaintiff's impairments and other symptoms did not cause any functional restrictions causing more than mild limitations and, thus, were not "severe" and did not significantly limit her ability to perform basic work activities. *Id*. at 139, 141. The ALJ determined that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act, since December 12, 2013, the date the application was filed." *Id*. at 141.

Following the ALJ's decision, Plaintiff submitted additional evidence to the Appeals Council, including records from Baptist Memorial Hospital dated from December 11, 2015 through December 17, 2015. *Id*. at 8-131, 340. Specifically, the new medical records reflect, for the first time, diagnoses of hypertensive heart disease, chronic kidney disease, and congestive heart failure. *Id*. at 16. After reviewing the additional evidence, the Appeals Council denied Plaintiff's request for review because the information submitted referred to a time subsequent to

the ALJ's decision on July 23, 2015, and did not provide a basis for changing the ALJ's decision. *Id.* at 2.

Plaintiff claims the Appeals Council erred when it failed to properly consider the new medical evidence submitted after her hearing date on June 25, 2015, that was pertinent to Plaintiff's disability status prior to that time. Docket 13.

## II. EVALUATION PROCESS

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that

---

[2] *See* 20 C.F.R. §§ 404.1520 (2012).
[3] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).
[4] 20 C.F.R. §§ 404.1520(b) (2012).
[5] 20 C.F.R. §§ 404.1520(c) (2012).
[6] 20 C.F.R. §§ 404.1520(d) (2012). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2011).
[7] 20 C.F.R. §§ 404.1520(e) (2012).

she is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[9]

### III.  STANDARD OF REVIEW

Judicial review of the Commissioner's final decision to deny benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). A court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the evidence leans against the Commissioner's decision.[11]

The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the

---

[8] 20 C.F.R §§ 404.1520(g)(2010).
[9] *Muse*, 925 F.2d at 789.
[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).
[11] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson,* 402 U.S. at 390.

## IV. DISCUSSION

Plaintiff contends that the Appeals Council erred in failing to find that new and material evidence would have changed the outcome of the ALJ's decision. In support, Plaintiff cites records from Baptist Memorial Hospital ("Baptist") dated from December 11, 2015 through December 17, 2015. In its order affirming the ALJ's denial of benefits, the Appeals Council noted that it had considered this additional evidence, but found the information did not provide a basis for changing the ALJ's decision. Specifically, the Appeals Council found that the new information was about a later time that had no bearing on Plaintiff's disability status on or before July 23, 2015, the date of the ALJ's decision. The denial of benefits remains supported by substantial evidence here.

Plaintiff posits that the new and material records from Baptist are pertinent to her disability status prior to the ALJ hearing and "provide a diagnosis for the long tested signs and symptoms that were found in consultative examinations and that the Plaintiff testified to at the hearing." Docket 13, p. 5. While it is true that these new records diagnose Plaintiff with hypertensive heart disease, chronic kidney disease, and congestive heart failure, there is no evidence that the records relate to the period on or before the ALJ's decision so as to warrant the Appeals Council's review of Plaintiff's case.

The Commissioner responds, and the court agrees, that there is no evidence in the record to support Plaintiff's assertion that she had any of the newly diagnosed conditions on or before the date of the ALJ's decision. Rather, the Commissioner argues that the Baptist records show a

completely new medical impairment that was not diagnosed until almost five months after the ALJ's decision.

When new evidence becomes available after the ALJ's decision and there is a reasonable likelihood that the new evidence could change the outcome of the decision, a remand is appropriate so that this new evidence can be considered. *Govea v. Astrue*, 2008 WL 2952343, *4 (W.D. Tex. 2008). "New evidence" must meet three criteria: (1) it must be new, and not merely cumulative of what is already in the record; (2) it must be material, *i.e.,* relevant, probative, and likely to change the outcome of the case; and (3) the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). The Fifth Circuit has stated:

> The requirement of materiality is an important one. The concept 'material' suggests that the new evidence must be relevant and probative. However, not every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary, for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing.

*Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). "A report that offers no new facts does not constitute new evidence." *Evangelista v. Secretary of Health and Human Services*, 826 F.2d 136, 140 (1st Cir. 1987). The First Circuit, in *Evangelista*, noted that simply because a retained physician

> happened to view this collection of data differently, that he happened to disagree with the conclusion reached by the ALJ, does not render the *evidence* which forms the basis for his opinion any less cumulative of what already appears in – indeed, comprises the totality of – the record. If a losing party could vault the 'newness' hurdle of § 405(g) merely by retaining an expert to reappraise the evidence and come up with a conclusion different from that reached by the hearing officer, then the criterion would be robbed of all meaning.

*Id.*

The Appeals Council's ("AC") obligations in evaluating a claimant's request for review are articulated in *Sun v. Colvin*:

> In deciding whether to deny the claimant's request for review, the AC must consider and evaluate any 'new and material evidence' that is submitted, ***if it relates to the period on or before the ALJ's decision***. 20 C.F.R. § 404.970(b). If the AC finds that the ALJ's 'action, findings, or conclusion is contrary to the weight of the evidence currently of record,' the AC will then review the case. *Id.* Otherwise, it will deny the claimant's request for review. The regulations do not require the AC to provide a discussion of the newly submitted evidence or give reasons for denying review. *See Meyer,* 662 F.3d at 706 ('In sum, the regulatory scheme does not require the Appeals Council to do anything more than what it did in this case, *i.e.,* 'consider new and material evidence ... in deciding whether to grant review.''(citation omitted)); *Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 785 (11th Cir.2014) ('[W]e hold that the Appeals Council is not required to explain its rationale when denying a request for review.'); *Martinez v. Barnhart,* 444 F.3d 1201, 1208 (10th Cir.2006) ('[The claimant] points to nothing in the statutes or regulations that would require such an analysis where new evidence is submitted and the Appeals Council denies review.').

*Sun v. Colvin*, 793 F.3d 502, 511–12 (5th Cir. 2015) (emphasis added).

When a claimant properly submits new and material evidence to the Appeals Council, the court must consider the entire record, including the evidence which the claimant has submitted for the first time to the Appeals Council, even if the Appeals Council denied review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (holding that the Commissioner's final decision necessarily includes the Appeals Councils' denial of review, but the ALJ's decision remains binding).

The evidence Plaintiff submitted, while new, is not material because it does not relate to the period on or before the ALJ's decision. Here, the new Baptist records indicate that Plaintiff presented with left-sided chest pain on December 11, 2015, and was admitted on that basis. Docket 7, p. 18-19. Plaintiff experienced similar symptoms one week prior to her admission which resolved on its own. *Id*. at 19. The records classify Plaintiff's diagnosis of congestive heart failure as "mild" and specifically state that it "is acute, probably on chronic" which undermines

Plaintiff's argument that it relates back to the consultative examinations and her testimony at the ALJ hearing. *Id*. at 32, 37. Additionally, the Baptist records document Plaintiff's "past medical history" as only "hypertension, arthritis, [and] diabetes mellitus." *Id*. at 33.

Review of the Baptist records submitted to the Appeals Council evidence that the new diagnoses of heart failure, heart disease, and kidney disease, while possibly disabling, do not relate to the period before the ALJ hearing. The record does not substantiate the connection Plaintiff attempts to draw between these diagnoses and Dr. Adam's consultative examination as well as Plaintiff's own testimony at the ALJ hearing. Because the new records contain no evidence relating to Plaintiff's condition before the ALJ's decision, there is no reasonable possibility that the ALJ would have ruled differently if he had these records to review. As such, considering the entire record, the ALJ's findings are not contrary to the weight of the evidence of record, and the Appeals Council was proper in denying Plaintiff's request for review.

## V. CONCLUSION

After diligent review of the evidence presented to the ALJ and the "new" records provided by Plaintiff, this court is of the opinion that there is not a reasonable likelihood that the Baptist records would have changed the outcome reached by the ALJ. The ALJ's conclusion that the physical impairments alleged do not constitute a disability is supported by substantial evidence, and the decision of the Commissioner should be affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

**SO ORDERED,** this the 15th day of November, 2016.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE